```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW JERSEY
```

_____
                                    :
ANTHONY HADAWAY,                    :
                                    :
        Petitioner,                 :   Civ. No. 17-4713 (NLH)
                                    :
    v.                              :   OPINION
                                    :
WARDEN MARK KIRBY,                  :
                                    :
        Respondent.                 :
_____ :


APPEARANCES:
Anthony Hadaway
63691-066
Fairton
Federal Correctional Institution
P.O. Box 420
Fairton, NJ 08320
    Petitioner Pro se


HILLMAN, District Judge

    Petitioner Anthony Hadaway, a prisoner confined at the Federal Correctional Institution ("FCI") in Fairton, New Jersey, filed this writ of habeas corpus under 28 U.S.C. § 2241, challenging a sentencing enhancement. (ECF No. 1.) At this time, the Court will review the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, (amended Dec. 1, 2004), made applicable to § 2241 petitions through Rule 1(b) of the Habeas Rules. See also 28 U.S.C. § 2243. For the reasons

expressed below, this Court will treat this as a motion to file a second or successive habeas petition under 28 U.S.C. § 2255(h) and transfer it to the Third Circuit Court of Appeals.

## I. BACKGROUND

On April 6, 2011, Petitioner was convicted in the Eastern District of Pennsylvania of two counts of Hobbs Act Robbery in violation of 18 U.S.C. § 1951(a) and sentenced to 293 months imprisonment. (Pet. 2.) Petitioner states that the Career Offender Enhancement was applied to him because of two prior Pennsylvania robbery convictions that established a guideline range of 210-262 months with a total offense level of 32 and a criminal history category of VI. (Id.) Petitioner filed a direct appeal of his conviction and sentence, which were affirmed by the Third Circuit. United States v. Hadaway, 466 F. App'x 154, 155 (3d Cir. 2012).

Petitioner thereafter filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, which was dismissed by the sentencing court as untimely. Hadaway v. United States, No. 09-161-01, 2014 WL 12709013, at *1 (E.D. Pa. July 23, 2014). The Third Circuit denied a certificate of appealability. U.S. v. Hadaway, Civil Action No. 14-4417 (3d Cir. 2014). Petitioner then filed for permission to file a second or successive § 2255 petition based on the Supreme Court's decision in Johnson v. United States, 135 S.Ct. 2552 (2015), which was denied by the

Third Circuit. In re: Anthony Hadaway, Civil Action No. 16-2319 (3d Cir. 2016). While his request was pending, Petitioner filed a second § 2255 motion with the sentencing court, which he subsequently withdrew. Hadaway v. U.S., Civil Action No. 16-3466 (E.D. Pa. 2016).

Shortly after he filed his second § 2255 petition, Petitioner filed the instant § 2241 Petition. (ECF No. 1.) In his Petition, Petitioner argues that pursuant to Mathis v. United States, 136 S. Ct. 2243, 195 L. Ed. 2d 604 (2016), his Pennsylvania state offenses no longer qualify him as a career offender. (Pet. 3.)

**II. DISCUSSION**

**A. Legal Standard**

United States Code Title 28, Section 2243, provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition must be construed liberally. See Hunterson v. DiSabato, 308 F.3d 236, 243 (3d Cir. 2002).

Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief.  See Denny v. Schultz, 708 F.3d 140, 148 n. 3 (3d Cir. 2013); see also 28 U.S.C. §§ 2243, 2255.

**B. Analysis**

As noted by the Court of Appeals for the Third Circuit in In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997), a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement.  See also Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); United States v. McKeithan, 437 F. App'x 148, 150 (3d Cir. 2011); United States v. Walker, 980 F. Supp. 144, 145–46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241).

Section 2255, however, contains a safety valve where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [Petitioner's] detention."  See 28 U.S.C. § 2255(e).  In Dorsainvil, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who

4

previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." Dorsainvil, 119 F.3d at 251.

The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent limitations or gatekeeping requirements of § 2255. Id. To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all. Id. at 251-52.

The Court of Appeals for the Third Circuit subsequently emphasized the narrowness of its Dorsainvil holding when it rejected a district court's conclusion that § 2255 was "inadequate or ineffective" to address a claim based on Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), an intervening decision which held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." See Okereke, 307 F.3d at

5

120-21 (in which the petitioner had been sentenced based upon a drug quantity determined at sentencing by a judge using the preponderance of evidence standard). The mere fact that a claim is time barred does not render § 2255 an inadequate or ineffective remedy. See Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002).

Here, Petitioner's claims do not fall into the Dorsainvil exception. Specifically, he does not allege that he had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate. Instead, his claims relate to the purported impropriety of his sentence, not the crimes for which he was convicted. See Scott v. Shartle, 574 F. App'x 152, 155 (3d Cir. 2014) ("[B]ecause [petitioner] is challenging his career offender designation and is not claiming that he is now innocent of the predicate offense, he does not fall within the 'safety valve' exception created in In re Dorsainvil and cannot proceed under § 2241") (citation omitted); McIntosh v. Shartle, 526 F. App'x 150, 152 (3d Cir. 2013) ("Here, McIntosh is challenging his designation as a career offender. Thus, he does not fall within the exception created in Dorsainvil and may not proceed under § 2241") (citation omitted); Johnson v. Scism, 454 F. App'x 87, 88 (3d Cir. 2012) (same); Wyatt v. Warden FCI Fort Dix, No. 17-1335, 2017 WL 1367239 (D.N.J. Apr. 10, 2017) (finding court

lacks jurisdiction under § 2241 when petitioner is challenging his sentencing enhancement under Mathis); Newman v. Kirby, No. 17-4653, 2017 WL 3080729 (D.N.J. July 19, 2017) (same); Coleman v. Kirby, 2017 WL 3332262 (D.N.J. Aug. 4, 2017) (same).

Based on the foregoing, the Court finds that it lacks jurisdiction under § 2241 over the instant habeas petition. Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. Because he has previously filed a § 2255 petition, Petitioner must seek permission from the United States Court of Appeals for the Third Circuit to bring a second or successive petition under 28 U.S.C. § 2255(h) in the Eastern District of Pennsylvania. See 28 U.S.C. §§ 2255(h); 2244. This Court will construe the present Petition as being raised under 28 U.S.C. § 2255, and, in the interest of justice, will transfer it to the Third Circuit pursuant to 28 U.S.C. § 1631.[1]

---

[1] The Court will transfer this matter under § 1631 rather than dismiss it because Petitioner may set forth a plausible claim under Mathis, and to preserve Petitioner's filing date for statute of limitations purposes. See Wyatt v. Warden FCI Fort Dix, No. 17-1335, 2017 WL 1367239, at *2 (D.N.J. Apr. 10, 2017) (transferring a Mathis claim improperly brought in a § 2241); Felder v. Kirby, No. 17-1534, 2017 WL 3736658, at *2 (D.N.J. Aug. 30, 2017) (same).

7

**III. CONCLUSION**

For the foregoing reasons, the Petition will be transferred to the Third Circuit. An appropriate order follows.

Dated: December 11, 2017        s/ Noel L. Hillman
At Camden, New Jersey           NOEL L. HILLMAN, U.S.D.J.