```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                            :
ANTHONY HADAWAY,            :
                            :
          Petitioner,       :    Civ. No. 17-4713 (NLH)
                            :
     v.                     :    OPINION
                            :
MARK KIRBY,                 :
                            :
          Respondent.       :
_____ :
```

APPEARANCE:

Anthony Hadaway, No. 63691-066
FCI Fairton
P.O. Box 420
Fairton, NJ 08320
    Petitioner Pro se

HILLMAN, District Judge

    This matter comes before the Court upon Petitioner Anthony Hadaway's Motion for Relief from Judgment, requesting reconsideration of this Court's Opinion and Order dismissing his Petition under 28 U.S.C. § 2241 for lack of jurisdiction.  See ECF No. 6.  For the reasons explained below, the Court will deny reconsideration.

BACKGROUND

    Petitioner initially filed the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 to challenge a sentencing enhancement.  See ECF No. 1.  Petitioner argued that pursuant to Mathis v. United States, 136 S. Ct. 2243 (2016), his Pennsylvania state offenses no longer qualify him as a career

offender.  Id. at 3.  The Court reviewed the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, made applicable to § 2241 petitions through Rule 1(b) of the Habeas Rules, determined that it lacked jurisdiction over the claim, construed the Petition as a motion to file a second or successive motion pursuant to 28 U.S.C. § 2255(h), and transferred the motion to the Court of Appeals for the Third Circuit for consideration.  See ECF Nos. 4 (op.), 5 (order).

Specifically, the Court relied on established Third Circuit case law as well as In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997), and its progeny, and concluded that a sentencing enhancement challenge is not cognizable in a § 2241 petition and thus the Court lacked jurisdiction over the Petition.  ECF No. 4 at 6-7.  Because such a challenge to a sentencing enhancement may only be brought pursuant to § 2255, the Court construed the Petition as arising pursuant to § 2255 and, in the interest of justice, transferred it to the Third Circuit pursuant to 28 U.S.C. § 1631, for consideration as a second or successive § 2255 motion.  Id. at 7.  The motion was transferred to the Third Circuit, where it was ultimately dismissed for failure to prosecute.  See No. 17-3698 (3d Cir.).

In the Motion for Relief from Final Judgment brought pursuant to Federal Rule of Civil Procedure 60(b), Petitioner argues that the Court had jurisdiction to consider his

2

sentencing enhancement arguments pursuant to § 2241 and that the Court should not have construed his Petition as a motion to bring a second or successive § 2255 motion. See ECF No. 6 at 3-4. In support of his argument, Petitioner cites multiple District of New Jersey cases in which a similar sentencing enhancement challenge was raised and dismissed as without jurisdiction under § 2241. See ECF No. 6. In each of these cases, the petitioners have appealed the jurisdictional dismissal to the Third Circuit. There, the Third Circuit has declined to rule on the appeals summarily and has ordered briefing on the jurisdictional issue. For example, in the appeal of Hill v. United States, the Third Circuit sua sponte appointed counsel for the petitioner-appellant and has issued an order directing the parties to brief, inter alia,

> (1) whether Hill's challenge to his career criminal designation is cognizable in a petition under 28 U.S.C. § 2241, see United States v. Doe, 810 F.3d 132, 160-61 (3d Cir. 20015), and (2) whether Hill had an earlier opportunity to raise Mathis v. United States, 136 S. Ct. 2243 (2016), in his proceeding under 28 U.S.C. 2255, see Bruce v. Warden Lewisburg USP, 868 F.3d 170, 179-80 (3d Cir. 2017).

No. 17-2797 (3d Cir.) (D.N.J. No. 17-cv-4949). The Third Circuit has ordered the parties to address similar questions in the other cases cited by Petitioner.

3

STANDARD OF REVIEW

A court may grant a motion for reconsideration if the moving party shows one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Johnson v. Diamond State Port Corp., 50 F. App'x 554, 560 (3d Cir. 2002) (quoting Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)).

DISCUSSION

In his Motion for Reconsideration, Petitioner argues that the Court had jurisdiction to hear his Mathis challenge in a § 2241 petition. In addition, Petitioner contests the Court's decision to construe his § 2241 petition as a request to file a second or successive § 2255 motion. Neither argument represents an intervening change in the law, new evidence, or an error of law or fact that would warrant reconsideration.

As to his first argument, Petitioner presents no authority that would permit this Court jurisdiction over the Mathis claim in his Petition brought pursuant to § 2241. The cases cited by Petitioner held that jurisdiction was lacking over sentencing enhancement claims brought pursuant to § 2241. Although they have been appealed to the Third Circuit, the Third Circuit has not yet ruled that a district court has jurisdiction over a

4

sentencing enhancement claim like Petitioner's Mathis claim in a § 2241 petition. As the existing authority in the Third Circuit provides, such a claim must be brought pursuant to a § 2255 motion — not a § 2241 petition. See ECF No. 4 at 6-7 (citing cases). Should the Third Circuit determine in a future case, including those cases currently on appeal and cited by Petitioner in the instant Motion, that a district court has jurisdiction to hear a sentencing enhancement challenge in a § 2241 petition, Petitioner may renew this Motion for Relief from Judgment.

As to Petitioner's contention that the Court should not have construed his Petition as a motion pursuant to 28 U.S.C. § 2255, Petitioner presents no argument or authority that would permit this Court to grant reconsideration. As the Court stated in its Opinion, "[w]henever a civil action is filed in a court that lacks jurisdiction, 'the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed.'" Id. at 7 (quoting 28 U.S.C. § 1631). Because a Mathis claim may be cognizable in a § 2255 motion, the Court, in the interests of justice and in its discretion, construed his Mathis claim as such and transferred it to the Third Circuit for consideration. That another court declined to

exercise such discretion and transfer a sentencing enhancement claim is not grounds for reconsideration.

CONCLUSION

For the reasons set forth above, the Motion for Relief from Judgment will be denied. An appropriate Order follows.


Dated: December 4, 2018               s/ Noel L. Hillman
At Camden, New Jersey           NOEL L. HILLMAN, U.S.D.J.